David A. Bahr (D.D.C. Bar #OR0001)
Bahr Law Offices, P.C.
1035 1/2 Monroe Street
Eugene, Oregon 97402
Telephone:  (541) 556-6439
Email:  davebahr@mindspring.com

Emma A. O. Bruden (Oregon State Bar #163525)
   *Pro hac vice application forthcoming*
Kampmeier & Knutsen PLLC
P.O. Box 15099
Portland, Oregon 97293
Telephone:  (503) 719-5641
Email:  emma@kampmeierknutsen.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILDEARTH GUARDIANS**, a New Mexico non-profit corporation, 516 Alto Street, Santa Fe, New Mexico 87501,<br><br>Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF THE INTERIOR**, a department of the United States Executive Branch, 1849 C Street, N.W., Washington, D.C. 20240,<br><br>Defendant. | Case No. 1:18-2498<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1.      This is an action against the U.S. Department of the Interior ("Interior") for

violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*. Under the

judicial review provisions of both the FOIA and the Administrative Procedure Act ("APA"),

1

5 U.S.C. §§ 701–706, Plaintiff WildEarth Guardians ("Guardians") seeks relief regarding a

FOIA request it submitted to Interior on October 27, 2017.

2.      The purpose of the FOIA is "to establish a general philosophy of full agency

disclosure unless information is exempted under clearly delineated statutory language." S. Rep.

No. 89-813, 1st Sess., at 3 (1965). The FOIA therefore requires federal agencies to disclose

records in a timely manner to any person upon request unless the information falls within one of

nine narrow disclosure exemptions in the Act. *See* 5 U.S.C. § 552(a)(3)(A), (b).

3.      Federal agencies generally must determine within twenty business days whether

requested records are exempt from withholding and, if they are not, the agency must promptly

disclose the records to the requester. 5 U.S.C. § 552(a)(6)(A)(i); *id.* § 552(a)(3)(A), (a)(6)(C)(i).

If an agency makes an adverse determination on a FOIA request, the requester may appeal that

determination to the agency, which must then make a determination on the administrative appeal

within twenty days of receiving it. *Id.* § 552 (a)(6)(A)(i)(III)(aa), (a)(6)(A)(ii).

4.      Guardians is filing this lawsuit because it has a need for the requested records and

because Interior has: (1) failed to make and communicate the agency's final determination on

Guardian's FOIA request and disclose all responsive records in its possession; and (2) failed to

act within applicable deadlines.

5.      Interior is unlawfully withholding its final determinations, as well as documents

and information sought by Guardians, information to which Guardians is entitled and for which

no valid disclosure exemption applies. Guardians therefore seeks a declaration that Interior has

violated the FOIA and an order from the court compelling Interior to make the required

determinations and disclosures by a date certain.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA), 28 U.S.C.

§§ 1331 (federal question), 1346 (United States as defendant), 2201 (declaratory judgment), and

2202 (further relief).

7.     Venue is properly vested in this Court under 5 U.S.C. § 552(a)(4)(B) and under

28 U.S.C. § 1391(e) because the United States is a defendant and a substantial part of the events

or omissions giving rise to the claims occurred in this judicial district.

**PARTIES**

8.     Plaintiff WILDEARTH GUARDIANS is a non-profit conservation organization

organized under Section 501(c)(3) of the Internal Revenue Code, with its principal place of

business in Santa Fe, New Mexico. Guardians is dedicated to protecting and restoring the

wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in

Arizona, Colorado, Idaho, Montana, New Mexico, Oregon, and Washington. With more than

221,388 members and supporters, Guardians works to transition from fossil fuels to clean energy

in order to safeguard the West. The records sought in this action are requested in support of these

efforts.

9.     Guardians works in furtherance of its goals by regularly acquiring information

regarding federal programs and activities through the FOIA. Guardians then compiles and

analyzes that information and, subsequently, disseminates that information to its membership,

the general public, and public officials through various sources including publications, reports,

its website, blog, and newsletter, general news media coverage, and public presentations.

Guardians' successful efforts at educating the public on issues concerning federal government

programs and activities that affect the environment contribute significantly to the public's

understanding of governmental operations and activities. Guardians also uses the information

that it acquires through FOIA to participate in federal decision-making processes, file

administrative appeals and civil actions, and generally ensure that federal agencies comply with

3

federal environmental laws.

10.     Guardians and its members derive benefits from agencies' compliance with the

FOIA and from its receipt of public records. Guardians requested the records sought in this

action in support of its efforts to transition from fossil fuels to clean energy, and Interior's failure

to comply with the FOIA hinders Guardians' work.

11.     The above-described interests of Guardians and its members have been, are being,

and, unless the relief prayed for herein is granted, will continue to be adversely affected by

Interior's disregard of its statutory duties under the FOIA and by the unlawful harm that results.

Interior's failure to fully implement the FOIA injures the interests of Guardians and its members

and the relief requested in this lawsuit can redress these injuries. These harms are traceable to

Interior's conduct and would be remedied by the relief sought in this action.

12.     Defendant UNITED STATES DEPARTMENT OF THE INTERIOR is an agency

of the executive branch of the United States government subject to the FOIA, pursuant to

5 U.S.C. § 552(f), and subject to the judicial review provisions of the APA, 5 U.S.C. §§ 701–

702. Interior is in possession or control of public records requested and sought by Guardians.

**STATUTORY BACKGROUND**

13.     The purpose of the FOIA is "to open agency action to the light of public

scrutiny." *U.S. DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989)

(quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976)). "Congress believed that this

philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning

of a democratic society.'" *U.S. DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *NLRB v.*

*Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).

14.     To achieve these important goals, the FOIA requires federal agencies to make

records in their possession or control available to the public upon request, unless one of the

FOIA's nine specific exemptions applies. 5 U.S.C. § 552(a), (b)(1)–(9). Additionally, to ensure a requester receives all requested documents, the FOIA requires agencies to conduct a search that is reasonably calculated to uncover all records responsive to the request. *Id.* § 552(a)(3)(C)–(D).

15.     The FOIA imposes strict and rigorous deadlines on federal agencies. The FOIA requires a federal agency that receives a FOIA request to determine whether the requested records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the requester within twenty business days. *Id.* § 552(a)(6)(A)(i). If the agency determines the requested records are exempt from public disclosure, the agency must also communicate to the requester that they have a right to appeal that determination. *Id.* If the agency determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

16.     Congress set forth the circumstances in which federal agencies may obtain more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited circumstances an agency may toll the twenty-day deadline for making that determination. *Id.* § 552(a)(6)(A)(ii). Additionally, an agency may extend the twenty-day deadline for making that determination by providing a written notice to the requester that sets forth the "unusual circumstances" that justify the deadline extension and the date on which the agency expects to make the determination. *Id.* § 552(a)(6)(B)(i).

17.     The statute includes a specific definition of the term "unusual circumstances." *Id.* § 552(a)(6)(B)(iii). When the agency notifies a requester of unusual circumstances and the need for additional time, the agency's written notification "shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity

to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).

18.    Unless an agency subject to the FOIA establishes a different timeline for disclosing responsive records by providing sufficient written notice of unusual circumstances, the FOIA's mandate to make public records promptly available to a requester requires federal agencies to provide responsive records to a requester within or shortly after the twenty-day timeframe set forth in 5 U.S.C. § 552(a)(6)(A)(i).

19.    If the agency fails to meet the disclosure deadlines established by the FOIA, including the deadline to determine within twenty days whether to respond to the request, the agency may not charge the requester for the costs incurred in searching for or duplicating the requested documents unless unusual or exceptional circumstances apply. *Id.* § 552(a)(4)(A)(viii). Even if unusual circumstances apply, the agency may not charge the requester for the costs incurred in searching for or duplicating the requested documents if the agency fails to comply with the extended time limit. *Id.* § 552(a)(4)(A)(viii)(II)(aa).

20.    If an agency makes an adverse determination on a FOIA request, the requester may appeal that determination to the agency, which must then make a determination on the administrative appeal within twenty days of receiving it. *Id.* § 552(a)(6)(A)(i)(III)(aa), (a)(6)(A)(ii).

21.    If the agency fails to make a determination on the FOIA request or the administrative appeal within the deadlines set forth in the FOIA, the requester is "deemed to have exhausted his administrative remedies . . . ." *Id.* § 552(a)(6)(C)(i).

22.    A U.S. District Court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the

complainant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional

circumstances" exist and that the agency is exercising due diligence in responding to the request,

the court may retain jurisdiction and allow the agency additional time to complete its review of

the records. *Id.* § 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not*

include a delay that results from a predictable agency workload of FOIA requests, unless the

agency demonstrates reasonable progress in reducing its backlog of pending requests. *Id.*

§ 552(a)(6)(C)(ii). Refusal by a person to reasonably modify the scope of a request, or to arrange

an alternative time frame for processing a request after being given an opportunity to do so by

the agency, shall be considered as a factor in determining whether exceptional circumstances

exist. *Id.* § 552(a)(6)(C)(iii).

      23.    Agency action under the FOIA is also subject to judicial review under the APA.

*Or. Natural Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006) (violation of

the FOIA's decision deadline constitutes agency action that is not in accordance with the law).

Under the judicial review provisions of the APA, district courts are authorized to compel agency

action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). District courts must also

set aside any agency action found to be arbitrary, capricious, an abuse of discretion, not in

accordance with law, or made without observation of required procedures. *Id.* § 706(2).

## STATEMENT OF FACTS

      24.    On October 27, 2017, WildEarth Guardians submitted a FOIA request for public

records via email to the FOIA officer at the U.S. Department of the Interior, Office of the

Secretary in Washington, D.C (hereinafter "FOIA request"). The FOIA request sought records

from Interior's Office of the Secretary relating to the development and implementation of

Interior's final report titled, "Review of the Department of the Interior Actions that Potentially

Burden Domestic Energy." Guardians sought all such "records" including electronic mail

messages, expressions of interest, maps, draft documents, photos and videos, recorded

voicemails, GIS data, GPS data, handwritten notes, meeting or phone conversation notes,

applications for permits to drill, reports, and correspondence. Guardians limited its FOIA request

by excluding records that are publicly available online on an Interior website. Guardians' FOIA

request also included a request for a fee waiver.

25.     By letter dated November 16, 2017 and sent through electronic mail, Interior

acknowledged receipt of Guardian's FOIA request and assigned that FOIA request reference

number OS-2018-00224. In its response to the FOIA request, Interior: stated that it was

classifying Guardians as an "other-use requester," which entitled Guardians to up to two hours of

search time and 100 pages of photocopies before being charged with processing the FOIA

request; explained that it was in the process of determining whether to grant Guardians' request

for a fee waiver; stated it was taking a 10-day extension because it would need to search for and

collect the requested records from field facilities or other establishments; and placed the request

on the "Complex" processing track.

26.     Under the "complex" processing track, agencies take between twenty-one and

sixty workdays to process a FOIA request. 43 C.F.R. § 2.15(c)(3). This is less time than the

"exceptional/voluminous" processing track, which takes over sixty workdays to process. *Id.*

§ 2.15(c)(4).

27.     Having not heard anything for nearly three months, by email dated January 19,

2018, Guardians inquired about the status of the FOIA request.

28.     On January 25, 2018, Interior responded via email and stated that it was still

waiting to receive records from the program office and that it was working as expeditiously as

possible.

29.     By email dated March 21, 2018, Guardians again inquired about the status of the

FOIA request because Interior had still not disclosed any records responsive to the FOIA request.

30.     On March 22, 2018, Interior again responded via email, stating that it was still

waiting to receive records from the program office and that it was working as diligently as

possible to receive the records.

31.     By email dated May 18, 2018, and because Interior had still not disclosed any

records responsive to the FOIA request, Guardians again inquired about the status of the FOIA

request and requested a date certain by which Interior would provide the records.

32.     Interior did not respond to Guardians' May 18, 2018 email.

33.     By email dated June 22, 2018, Guardians again inquired about the status of the

FOIA request and again requested a date certain by which Interior would provide the records.

34.     On July 9, 2018, Interior responded via email and stated that it was still waiting to

receive records from program offices and that it could not provide Guardians with a timeline for

its FOIA response. Interior also stated that it was working to complete the request as promptly as

it could.

35.     By letter dated August 1, 2018 and sent through electronic mail, Guardians

informed Interior that it was in violation of the FOIA and offered to assist the agency in any way

possible to facilitate a response to the FOIA request and the disclosure of responsive documents.

Guardians' August 1, 2018 letter reminded Interior of its obligations under the FOIA; explained

that Guardians was not initiating litigation at that time because it preferred a cooperative

approach to resolving concerns; and stated that Guardians may resort to litigation if a

determination on the request and the disclosure of the requested records was not promptly

forthcoming. It also again requested an estimated date by which Interior would respond to the FOIA request.

36.     By email dated August 6, 2018, Interior responded that it was still waiting for records and informed Guardians that once it received the records it could begin processing them. Interior again stated that it could not provide Guardians with a timeline. Interior again stated that it was working to complete the request as promptly as it could.

37.     By letter dated September 12, 2018 and sent through electronic mail, Guardians again informed Interior that it was in violation of the FOIA and offered to assist the agency in any way possible to facilitate a response to the FOIA request and the disclosure of responsive records. Guardians' September 12, 2018 letter reminded Interior of its obligations under the FOIA; explained that Guardians was not initiating litigation at that time because it preferred a cooperative approach to resolving concerns; and stated that Guardians may resort to litigation if a determination on the request and the disclosure of the requested records was not promptly forthcoming. It also again requested an estimated date by which Interior would respond to the FOIA request.

38.     By email dated September 14, 2018, Interior again responded that it was still waiting for records from program offices and stated that once it received the records it could begin processing them. Interior again stated that it could not provide Guardians with a timeline. Interior again stated that it was working to complete the request as promptly as it could.

39.     As of the date this action was filed, Interior has not contacted Guardians since September 14, 2018.

40.     Guardians submitted its FOIA request over one year ago.

41.     Guardians has a need for the requested records. The records are essential to Guardians' effective climate and energy program work.

42.     The deadline for Interior to issue the final determination required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to the FOIA request has passed. As of the date this action was filed, Interior has not provided Guardians with the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to the FOIA request.

43.     As of the date this action was filed, Interior had failed to provide Guardians with all non-exempt documents that are responsive to Guardians' FOIA request.

44.     As of the date this action was filed, Interior had failed to make promptly available to Guardians all non-exempt documents that are responsive to Guardians' FOIA request.

45.     Interior is currently withholding from Guardians non-exempt documents that are responsive to Guardians' FOIA request. None of FOIA's nine exemptions to mandatory disclosure apply to the documents and information Interior is currently withholding from Guardians. Interior has no legal basis for withholding the records that Guardians sought via the FOIA request.

46.     As of the date this action was filed, Interior had constructively denied Guardians' FOIA request.

47.     Prior to filing this action, Guardians fully exhausted all administrative remedies required by the FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

48.     Guardians has been required to expend costs and to obtain the services of a law firm to prosecute this action.

49.     The filing of this lawsuit was necessary to compel Interior to make the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all documents subject to Guardians' FOIA request.

50.     The filing of this lawsuit was necessary to compel Interior to disclose all non-exempt documents and information that are responsive to Guardians' FOIA request.

51.     Interior could have made the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all records subject to the FOIA request before Guardians filed this lawsuit. Interior could have disclosed all records responsive to Guardians' FOIA request before Guardians filed this lawsuit.

52.     Guardians' claims for relief in this Complaint are not insubstantial. Interior's failure to respond to Guardians' FOIA request is harming Guardians and hindering Guardians' climate and energy work.

53.     Interior's FOIA officers sometimes respond to requesters' follow-up emails and letters by stating that the agency is actively working to respond to a FOIA request when that is not fully accurate.

54.     No exceptional circumstances exist that would allow this Court to allow Interior more time to review and disclose requested records. Interior has not exercised due diligence in responding to Guardians' request. The delays at issue in this case result from a predictable agency workload of FOIA requests. Interior has not made reasonable progress in reducing its backlog of pending requests.

55.     The circumstances surrounding the withholdings raise questions regarding whether agency personnel acted arbitrarily or capriciously with respect to the withholdings at issue in this case.

56.    Based on the nature of Guardians' professional activities, Guardians will continue to employ the FOIA's provisions in information requests to Interior in the foreseeable future. Guardians' professional activities will be adversely affected if Interior is allowed to continue violating the FOIA's disclosure provisions. Unless enjoined and made subject to a declaration of Guardians' legal rights by this Court, Interior will continue to violate the rights of Guardians to receive public records under the FOIA.

## CAUSES OF ACTION

### CLAIM 1

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT
IN RESPONDING TO GUARDIANS' OCTOBER 27, 2017 FOIA REQUEST:
VIOLATION OF THE DECISION DEADLINES IN THE FOIA

57.    Guardians hereby incorporates by reference the allegations in the preceding paragraphs.

58.    Guardians has a statutory right to have Interior process its FOIA request in a manner that complies with the FOIA. Interior violated Guardians' rights in this regard when Interior unlawfully delayed its response to Guardians' October 27, 2017 FOIA request beyond the deadlines imposed by the FOIA.

59.    Interior violated and is violating the FOIA by failing to make a decision to disclose or withhold documents and information subject to Guardians' FOIA request by the deadline set forth in 5 U.S.C. § 552(a)(6)(A)(i).

60.    Interior violated and is violating the FOIA by failing to make the records subject to Guardians' FOIA request promptly available to Guardians.

61.    Each and every allegation in this claim is a separate violation of the FOIA for which this Court can provide relief to Guardians under the FOIA.

62.    Interior's violations of the FOIA with respect to its response to Guardians' FOIA

request entitle Guardians to an award of reasonable attorneys' fees and other litigation costs

pursuant to 5 U.S.C. § 552(a)(4)(E).

## CLAIM 2

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### UNLAWFUL CONSTRUCTIVE DENIAL/UNLAWFUL WITHHOLDING

63.    Guardians hereby incorporates by reference the allegations in the preceding

paragraphs.

64.    Guardians has a statutory right to the records it seeks. There is no legal basis for

Interior to assert that any of the FOIA's nine disclosure exemptions apply to the records Interior

has that are responsive to Guardians' FOIA request.

65.    Interior has violated and is violating Guardians' rights by unlawfully withholding

non-exempt documents and information responsive to Guardians' FOIA request. Interior's

actions in response to Guardians' FOIA request constitute a constructive and unlawful denial of

Guardians' FOIA request.

66.    Interior's violations of the FOIA with respect to its response to Guardians' FOIA

request entitle Guardians to an award of reasonable attorneys' fees and other litigation costs

pursuant to 5 U.S.C. § 552(a)(4)(E).

## CLAIM 3

### (In the alternative to Claims 1 and 2)

### VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT:
### FAILURE TO COMPLY WITH THE FOIA IN RESPONDING TO
### GUARDIANS' FOIA REQUEST

67.    Guardians hereby incorporates by reference the allegations in the preceding

paragraphs.

68.    Guardians violated the FOIA by, at a minimum: (a) failing to make the

determinations for all documents and information subject to Guardians' FOIA request as required by 5 U.S.C. § 552(a)(6)(A)(i); and (b) failing to disclose, and to disclose promptly, all non-exempt documents and information subject to Guardians' FOIA request.

69.     Each and every allegation in this claim three is a separate violation of the FOIA for which this Court can provide relief to Guardians under the APA. Making the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) for all documents and information subject to the FOIA request and making responsive documents available, and promptly available, to Guardians are final agency actions unlawfully withheld or unreasonably delayed that this Court can compel under the APA, 5 U.S.C. § 706(1).

70.     Alternatively, Interior's decisions not to make the determinations required by 5 U.S.C. § 552(a)(6)(A)(i) and not to make responsive documents promptly available to Guardians are final agency actions that are arbitrary, capricious, an abuse of discretion, not based on substantial evidence in the record, not in accordance with the law, or otherwise in violation of the APA, 5 U.S.C. § 706(2), because among other things those actions do not comply with the FOIA or Interior's regulations or policies.

71.     Guardians is entitled to relief under the APA and to costs of litigation and reasonable attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## PRAYER FOR RELIEF

WHEREFORE, Guardians respectfully requests that the Court:

A.     Adjudge and declare that Interior has violated the FOIA for the reasons set forth above;

B.     Order Interior to comply immediately with the FOIA by providing Guardians with the required determinations and all non-exempt public records subject to Guardians' October 27, 2017 FOIA request;

C.      Declare that Guardians is the prevailing party and/or substantially prevailing party in this matter; that the position of the government in this action was not substantially justified; and that there are no special circumstances that make an award of costs and reasonable attorneys' fees to Guardians unjust;

D.      Award Guardians its reasonable attorneys' fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) and/or award Guardians its reasonable fees, expenses, costs, and disbursements, including attorneys' fees associated with this litigation, under the Equal Access to Justice Act, 28 U.S.C. § 2412;

E.      Grant Guardians such additional relief as the Court may deem just and proper.

DATED this 29th day of October 2018.

Respectfully submitted,

s/David Bahr
DAVID BAHR (D.D.C. Bar #OR0001)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, Oregon 97402
Tel: (541) 556-6439
davebahr@mindspring.com

s/ Emma Bruden
Emma A. O. Bruden (Oregon State Bar #163525)
*Pro hac vice application forthcoming*
Kampmeier & Knutsen PLLC
P.O. Box 15099
Portland, Oregon 97293
Tel: (503) 719-5641
emma@kampmeierknutsen.com

*Attorneys for Plaintiff*