**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILDEARTH GUARDIANS,     ) | |
|     ) | |
| Plaintiff,     ) | |
|     ) | Civil Action No. 18-2498 (RCL) |
| v.     ) | |
|     ) | |
| UNITED STATES DEPARTMENT OF     ) | |
| THE INTERIOR,     ) | |
|     ) | |
| Defendant.     ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's order dated April 25, 2019, Dkt. #19, the parties, by and through undersigned counsel, report as follows.

1.       This case concerns a FOIA request WildEarth Guardians ("Guardians") submitted to the Department of the Interior ("Interior") on October 27, 2017.

2.       The parties previously requested, and this Court ordered, *inter alia*, (1) that all case deadlines are stayed pending Interior's final responses to the FOIA request at issue in this case; (2) that starting in July, and each month thereafter, Interior shall review and disclose at least 500 pages of potentially responsive records to the FOIA request, and shall disclose any responsive non-exempt portions of those records to Guardians on the first Friday of the month until Interior discloses all responsive, non-exempt portions of potentially responsive records; and (3) that the parties shall file joint status reports with the Court every sixty (60) days to inform the Court of the progress the parties have made in the interim. Dkt. #19, ¶¶ 1, 2–4. Under that schedule, this third joint status report is due on October 16, 2019.

1

3.      In the August 16, 2019, joint status report, Interior indicated that it would determine whether it could commit to an increased review and production rate and provide, if applicable, the increased review and production rate in the next joint status report. Dkt. #21, ¶ 5. Also in that report, Guardians indicated that Interior's current review and production rate is unacceptably low, reserving the right to seek judicial intervention to avoid the lengthy 10-year production schedule. *Id.*

4.      On September 5, 2019, Interior sent Guardians a partial response letter, stating that it had reviewed 1,949 pages of records. Of those records, Interior produced 788 pages, with some redactions pursuant to FOIA Exemption 5, 5 U.S.C. § 552(b)(5), and FOIA Exemption 6, 5 U.S.C. § 552(b)(6); found 649 pages to be non-responsive; and pulled 512 pages due to a need for additional review.

5.      On October 4, 2019, Interior sent Guardians a partial response letter, stating that it had reviewed 981 pages of records. Of those records, Interior produced 665 pages, with some redactions pursuant to FOIA Exemption 5, 5 U.S.C. § 552(b)(5), and FOIA Exemption 6, 5 U.S.C. § 552(b)(6); found 163 pages to be non-responsive; and pulled 153 pages due to a need for additional review.

6.      The results of Interior's search yielded 74,611 potentially responsive pages.

7.      Over the past several weeks, new agency counsel and the undersigned counsel for Interior were assigned to this case.  Both counsel are actively reviewing Plaintiff's request, the initial search, and the search results to determine how the agency might be able to complete its review in a reasonable time while providing Plaintiff the records that it requested.  Interior will continue to review at least 500 pages of responsive material per month and make productions on the first Friday of each month.

8.      Guardians understands the need for additional time given the staffing changes, but Guardians remains concerned about the unacceptably low production rate—500 pages per month—currently offered by Interior. This rate is far below recent court processing rates ordered in FOIA cases. *See, e.g.*, *Open Soc'y Initiative v. Cent. Intelligence Agency*, 1:19-cv-00234-PAE, 2019 U.S. Dist. LEXIS 131243, at *2–3 (S.D.N.Y. Aug. 6, 2019) (ordering processing/disclosure rate of 5000 pages/mo). Guardians asserts that it has an urgent need for the requested information and asserts that, depending on the outcome of discussions with Interior over the next 60 days for revising the schedule, Guardians may seek judicial intervention to facilitate the timely production of records.

9.      Interior strongly disagrees with Guardians' suggestion that the agency's monthly processing rate of at least 500 pages is "unacceptably low" or "far below recent court processing rates ordered in FOIA cases."  Interior's proposal is consistent with the processing rates ordered by this Court in numerous other FOIA cases, including cases involving Interior.  Courts have adopted Interior's proposal to process at least 500 pages per month.  *See, e.g.*, *Defenders of Wildlife v. U.S. Dep't of the Interior*, Civ. A. No. 18-2572 (CJN) (D.D.C.); *State of New Jersey v. U.S. Dep't of Interior*, Civ. A. No. 18-2338 (TJK) (D.D.C.); *Tobias v. U.S. Dep't of the Interior*, Civ. A. No. 18-1368 (CJN) (D.D.C.); *American Oversight v. U.S. Dep't of the Interior*, Civ. A. No. 18-1216 (RBW) (D.D.C.); *Center for Biological Diversity v. U.S. Dep't of the Interior*, Civ. A. No. 18-0814 (KBJ) (D.D.C.); *WildEarth Guardians v. U.S. Dep't of the Interior*, Civ. A. No. 18-0232 (EGS) (D.D.C.).  Moreover, the agency's processing rate is reasonable in light of the breadth of Plaintiff's request and the numerous other FOIA-related demands on the relatively limited agency personnel who are responsible for responding to (and litigating) an increasing number of FOIA requests at the same time.  As with all its cases, Interior is evaluating its search

and the 74,611 potentially responsive pages that resulted from the search to determine how to most efficiently respond to Plaintiff's request and has committed to discussing options with Plaintiff in the next few weeks.

10.     It is Guardians' position that, while a processing rate of 500 pages per month may be reasonable in some cases, it is unreasonable here, and the cases Interior cites do not support such a processing rate here because they either involved higher processing rates or appeared to involve no dispute between the parties as to a lower processing rates. *See, e.g.*, *Defs. of Wildlife v. U.S. Dep't of the Interior*, Civ. A. No. 18-2572 (CJN) (D.D.C.) (processing rate of 1300–1500 pages/mo); *Tobias v. U.S. Dep't of the Interior*, Civ. A. No. 18-1368 (CJN) (D.D.C.) (plaintiff appeared to not dispute processing rate); *WildEarth Guardians v. U.S. Dep't of the Interior*, Civ. A. No. 18-0232 (EGS) (D.D.C.) (same). Here, because Guardians' FOIA request has been pending for almost two years, and a 500 pages per month processing rate would take over a decade, Guardians maintains that the processing rate is unreasonable.

11.     Interior disagrees with Plaintiff's logic that, because its broad FOIA request generated nearly 75,000 potentially responsive pages, the agency is obligated to complete its review on an expedited basis.  The agency is working as diligently as possible to process this request and the numerous other requests for which it is responsible.  As set forth above, Interior intends to work with Plaintiff to narrow the request.


//


//


4

12.     The parties will continue working cooperatively and operating under the Court schedule, *see* Dkt. #19, with the next joint status report proposed to be due December 16, 2019.

Respectfully submitted this 16th day of October 2019.

DAVID BAHR (D.D.C. Bar #OR0001)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, Oregon 97402
Tel: (541) 556-6439
davebahr@mindspring.com

____/s/____Emma Bruden_____
Emma A. O. Bruden (OR Bar #163525)
   ***Admitted pro hac vice***
Kampmeier & Knutsen PLLC
P.O. Box 15099
Portland, Oregon 97293
Tel: (503) 719-5641
emma@kampmeierknutsen.com

*Attorneys for Plaintiff*

JESSE K. LIU
United States Attorney
D.C. Bar #472845

DANIEL F. VAN HORN
Chief, Civil Division
D.C. Bar #924092

__/s/__Paul Cirino _____
PAUL CIRINO
Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2529
Email: paul.cirino@usdoj.gov

*Attorneys for Defendant*